MARZOCCO, Appellant,

v.

TITUS et al., Appellees.

[Cite as *Marzocco v. Titus* (1995), 106 Ohio App.3d 112.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. CA 15209.

Decided Sept. 8, 1995.

*Ralph L. Marzocco, pro se.*

*Donald T. Jones,* for appellees.

---

FREDERICK N. YOUNG, Judge.

This case is a joke. Unfortunately, it is a very sick joke.

For thirteen years Ralph Marzocco was the trustee of a trust drafted by himself for one Ellen W. Bolling funded with $64,677.89 of Bolling's money. During that time he so thoroughly mishandled his duties as trustee that he was eventually forced to resign by the Common Pleas Court of Montgomery County as a result of a lawsuit filed against him personally by the subsequently appointed guardian of Bolling, Karen B. Titus. That lawsuit was eventually settled with the requirement, subsequently memorialized in a judgment entry, that Marzocco pay the Bolling trust the sum of $33,500.

Marzocco's conduct as trustee was so egregious and outrageous that it, along with one other unrelated incident, provided the basis for his indefinite suspension from the practice of law on December 23, 1994. *Dayton Bar Assn. v. Marzocco* (1994), 71 Ohio St.3d 306, 643 N.E.2d 1079.

In defending against the lawsuit brought against him by Bolling's guardian Marzocco represented himself *pro se.* He then had the unmitigated gall to file on November 18, 1994, a suit in the Kettering Municipal Court against Karen Titus demanding legal fees from the trust to compensate him for defending himself *pro se.* A familiar slang term to describe Marzocco's conduct is "chutzpa," which is defined by the Random House Dictionary of the English Language (2 Ed.1987), as unmitigated effrontery or impudence. Marzocco's conduct raises chutzpa to a new and astonishing level.

The matter came on to be heard before Judge Larry W. Moore, of the Kettering Municipal Court, on cross-motions for summary judgment. Judge Moore had no difficulty denying Marzocco's motion and granting the defendant's motion for summary judgment, commenting that "[i]t appears to the Court that Plaintiff's actions were at best, unethical and immoral, and possibly criminal, and that his defense of the action to have him removed as trustee provided no benefit for the estate or the beneficiaries of the trust." In the same entry, filed March 20, 1995, Judge Moore noted that Marzocco had still not repaid the trust $33,500 in misappropriated funds, and had also failed to pay attorney fees in the sum of $1,047.31. Incredibly, Marzocco now appeals that decision to us.

We reject Marzocco's claim as absurd.

In our opinion, this appeal is completely frivolous. If counsel for the defendants wishes to submit a claim for legal fees pursuant to App.R. 23, we shall consider it.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.