DAYTON BAR ASSOCIATION *v.* MARZOCCO.

[Cite as *Dayton Bar Assn. v. Marzocco* (1997), 79 Ohio St.3d 186.]

(No. 96–2434—Submitted April 15, 1997—Decided July 16, 1997.)

188

*Edward J. Dowd,* for relator.

*Ralph L. Marzocco, pro se.*

*Per Curiam.* We have reviewed the record and adopt the findings of the board. We previously suspended respondent from the practice of law for his failure to act properly in the administration of a trust. To settle a suit for damages which arose out of his improper administration, respondent signed an agreed order that required him to pay $33,500 to the successor trustee. Respondent not only failed to make the payments as ordered, but prior to judgment being entered against him, conveyed significant assets to his wife. Respondent's refusal to obey a court order and his apparent attempt to transfer property to evade the effect of a judgment combined with his previous disciplinary record reflect a pattern of misconduct that demonstrates respondent's unfitness to continue as a member of the bar. See *Florida Bar v. Rood* (Fla.1993), 620 So.2d 1252. Like the board, we conclude that respondent violated DR 1–102(A)(1), (4), (5), and (6), by failing to pay the judgment as ordered which he, himself, agreed to and by attempting to put his assets beyond the reach of his creditors.

In addition, respondent applied both for legal fees incurred in defending himself *pro se* from the action to remove him as trustee and for unpaid trustee fees for his minimal work in making trust loans to his brother. The court of appeals aptly noted that respondent's requests for fees from the trust to defend his own personal interests "raises chutzpah [defined by the court as 'unmitigated effrontery or impudence'] to a new and astonishing level." *Marzocco v. Titus* (1995), 106 Ohio App.3d 113, 665 N.E.2d 294. Our Disciplinary Rules prohibit the collection of clearly excessive fees. Respondent's attempts to charge the trust for unsuccessfully defending himself from charges of malfeasance and for minimal work as trustee are violations of DR 1–102(A)(1), (4), (5), and (6), and 2–106(A) and (B).

We adopt the recommendation of the board. Respondent is permanently disbarred from the practice of law in Ohio. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.