**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 186.]**

DAYTON BAR ASSOCIATION v. MARZOCCO.

[Cite as *Dayton Bar Assn. v. Marzocco*, 1997-Ohio-385.]

*Attorneys at law—Misconduct—Permanent disbarment—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Charging or collecting an illegal or clearly excessive fee.*

(No. 96-2434—Submitted April 15, 1997—Decided July 16, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-02.

———————————

{¶ 1} On February 5, 1996, relator, Dayton Bar Association, filed a complaint against respondent, Ralph L. Marzocco of Dayton, Ohio, Attorney Registration No. 0020072, alleging in one count that by failing to comply with a court order and failing to make payment under the terms of a settlement agreement, respondent violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting on his fitness to practice law), and 1-102(A)(1) (violating a Disciplinary Rule).  In another count relator charged that by demanding that a trust, from which he had resigned, pay him trustee compensation and legal fees, respondent violated DR 1-102(A)(1), (4), (5), and (6), and 2-106(A) and (B) (charging or collecting an illegal or clearly excessive fee).

{¶ 2} After respondent filed an answer, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board")

heard the matter. The respondent appeared briefly before the panel, objected to the introduction of a videotaped deposition, and then left the hearing room.

{¶ 3} The panel, after receiving evidence, found that in May 1980, respondent had prepared a revocable living trust for Ellen Bolling and designated himself as trustee. In 1993, relator filed a disciplinary action against respondent because of irregularities in his administration of the trust and his handling of a patent application for another client. On December 23, 1994, we indefinitely suspended respondent from the practice of law. *Dayton Bar Assn. v. Marzocco* (1994), 71 Ohio St.3d 306, 643 N.E.2d 1079.

{¶ 4} The panel found that also in 1993, concurrently with the disciplinary action that resulted in respondent's indefinite suspension, the guardian of Bolling brought an action in common pleas court to remove respondent as trustee, and for compensatory and punitive damages resulting from breach of fiduciary duty, legal malpractice, conversion, and fraud in respondent's administration of the trust. The guardian's suit was settled by an agreed entry involving respondent's resignation as trustee and his promise to pay $33,500 to the trust no later than December 24, 1993. Respondent did not pay the sum as agreed, and judgment was entered against him in April 1994. In February 1994, two months prior to the judgment, respondent transferred his real estate to his wife for no consideration, thereby requiring the successor trustee to file suit against respondent to set aside the conveyance.

{¶ 5} The panel found that on March 20, 1995, the Kettering Municipal Court dismissed with prejudice respondent's suit to recover $5,600 in attorney fees, which respondent incurred in defending the action to remove him as trustee. On September 8, 1995, the court of appeals affirmed the judgment of the municipal court and termed respondent's claim for attorney fees as "absurd." *Marzocco v. Titus* (1995), 106 Ohio App.3d 112, 665 N.E.2d 294.

{¶ 6} On June 30, 1995, respondent filed another action in the same municipal court against the trust seeking approximately $4,000 in unpaid trustee

fees, and the municipal court dismissed this action on December 4, 1995, calling the suit "totally frivolous and without merit." On appeal, the court of appeals affirmed, and noted that "the absurdly unprofessional management of the trust represented by [the trust] making an unsecured loan of the entire trust corpus to Marzocco's brother, without, apparently, any expectation of the payment of interest or principal on a regular basis, cannot possibly justify the recovery of a fee. Gilding the lily is Marzocco's admission that he did nothing to justify a fee beyond the mere insertion of new figures and dates in the successive promissory notes signed by his brother." *Marzocco v. Titus* (July 26, 1996), Montgomery App. No. 15747, unreported, 1996 WL 417001. As a result of these lawsuits, which the panel found to be "generally scurrilous and without merit," the successor trustee incurred obligations for attorney fees of $26,600.

{¶ 7} The panel concluded that by failing to obey a court order and failing to pay the settlement agreement, respondent violated DR 1-102(A)(1), (4), (5), and (6). The panel further concluded that respondent's actions to recover attorney and trustee fees violated DR 1-102(A)(1), (4), (5),and (6), and 2-106(A) and (B).

{¶ 8} The board adopted the panel's findings of fact and conclusions, noted that the panel had characterized respondent's actions as "grossly unethical and clearly an abuse of the legal process," and recommended that respondent be permanently disbarred.

––––––––––––––––––

*Edward J. Dowd*, for relator.

*Ralph L. Marzocco*, *pro se.*

––––––––––––––––––

*Per Curiam.*

{¶ 9} We have reviewed the record and adopt the findings of the board. We previously suspended respondent from the practice of law for his failure to act properly in the administration of a trust. To settle a suit for damages which arose out of his improper administration, respondent signed an agreed order that required him to pay $33,500 to the successor trustee. Respondent not only failed to make the payments as ordered, but prior to judgment being entered against him, conveyed significant assets to his wife. Respondent's refusal to obey a court order and his apparent attempt to transfer property to evade the effect of a judgment combined with his previous disciplinary record reflect a pattern of misconduct that demonstrates respondent's unfitness to continue as a member of the bar. See *Florida Bar v. Rood* (Fla.1993), 620 So.2d 1252. Like the board, we conclude that respondent violated DR 1-102(A)(1), (4), (5), and (6), by failing to pay the judgment as ordered which he, himself, agreed to and by attempting to put his assets beyond the reach of his creditors.

{¶ 10} In addition, respondent applied both for legal fees incurred in defending himself *pro se* from the action to remove him as trustee and for unpaid trustee fees for his minimal work in making trust loans to his brother. The court of appeals aptly noted that respondent's requests for fees from the trust to defend his own personal interests "raises chutzpah [defined by the court as 'unmitigated effrontery or impudence'] to a new and astonishing level." *Marzocco v. Titus* (1995), 106 Ohio App.3d 113, 665 N.E.2d 294. Our Disciplinary Rules prohibit the collection of clearly excessive fees. Respondent's attempts to charge the trust for unsuccessfully defending himself from charges of malfeasance and for minimal work as trustee are violations of DR 1-102(A)(1), (4), (5),and (6), and 2-106(A) and (B).

{¶ 11} We adopt the recommendation of the board. Respondent is permanently disbarred from the practice of law in Ohio. Costs taxed to the respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————