OPINION
Once again we find Ralph Marzocco and his spouse, Joyce, Defendants-Appellants herein, before us in an appeal from the trial court's September 2, 1998, adoption of two reports from the magistrate filed on December 13, 1995, and January 24, 1996, respectively. The history of Mr. Marzocco's malfeasance with regard to the trust he established for his former client, Ellen Bolling, his subsequent indefinite suspension from the practice of law, and his eventual disbarment[1] is well documented in the many previous cases in this court and others.[2] For purposes of the present appeal, we note that Mr. Marzocco was at one time Ellen Bolling's attorney, and trustee of her trust. After his egregious mishandling of the trust funds became known, Karen Titus, Bolling's daughter, was named trustee. The remaining relevant facts have previously been set forth by this court as follows:
 In an attempt to obtain repayment of funds removed from the Bolling trust, Titus filed * * * [an] action, seeking to set aside Ralph Marzocco's conveyance of a property interest to his wife, Joyce. Also added as defendants were NBD Mortgage and the Montgomery County Treasurer. In addition to setting aside the conveyance, Titus asked that the liens on the property be marshaled, that the property be sold, and that the proceeds of the sale be distributed. The case was referred to a magistrate, who subsequently heard evidence on the issues raised in the complaint.
In a decision filed on December 13, 1995, the magistrate found that Ralph Marzocco's conveyance of property to his wife was fraudulent and should be set aside. According to the magistrate's decision, Ralph had agreed to pay the Bolling trust approximately $33,500 in December, 1993, but did not make payment. As a result, Titus, on behalf of Bolling, obtained a judgment against Ralph Marzocco in April, 1994, and filed a certificate of judgment in December, 1994. The magistrate further found that as of February, 1994, Ralph's only significant asset was his interest in [the] marital premises at 2569 Cliffty [sic] Falls Road. However, in February, 1994, while the trust's lawsuit was still pending, Ralph transferred his interest in the Cliffty [sic] Hills [sic] property to his wife, Joyce, without receiving any consideration. In addition to finding that the conveyance should be set aside, the magistrate concluded that NBD Mortgage had the first and best lien on the property and had priority over any other lienholder. Further, the magistrate decided that Ralph's interest in the Cliffty [sic] Falls property should be sold.
After the trial, but before the magistrate's decision was filed, NBD Bank filed a motion to intervene. In the motion, NBD Bank stated that through inadvertence, it had not been made a party to the foreclosure action, even though it had a recorded mortgage on the Cliffty [sic] Falls property of approximately $13,230. On the same date, (December 11, 1995), the magistrate signed an entry granting NBD Bank leave to intervene. However, the Marzoccos then filed a response to intervene on December 18, 1995, objecting to the intervention. They also claimed the magistrate's previous decision was premature because the validity and priority of NBD Bank's lien was at issue. Further, they reserved the right to object to the magistrate's decision pending disposition of the motion to intervene.
Although an entry had already been signed allowing NBD Bank to intervene, the magistrate filed a decision on January 24, 1996, reconsidering the issue and reaffirming his decision to permit intervention. In the decision, the magistrate noted that all parties had agreed that NBD Mortgage had the first lien on the property and also agreed that NBD Bank had a valid second mortgage. Observing that a mortgage holder's attempt to intervene after trial is not necessarily untimely in the context of foreclosure cases, the magistrate reaffirmed the entry granting NBD Bank's motion to intervene. Following this decision, the Marzoccos did not specifically object to the December 13, 1995, decision. However, they did file objections to the magistrate's January 24, 1996, decision on two grounds: first, that the decision was contrary to law; and second, that the motion for intervention was moot.
Bolling v. Marzocco (Dec. 12, 1997), Montgomery App. Nos. 16406, 16446, unreported. The trial court overruled both of the Marzoccos' objections, but failed to adopt the magistrate's decisions pursuant to Civ.R. 53(E)(4). Id. On that ground, we vacated the subsequent judgment entry of January 21, 1997, and the amended judgment entry of February 13, 1997, which both confirmed the sale of Ralph Marzocco's undivided one-half interest in the Clifty Falls property. Id. The sale of the property was thus set aside, and the matter was remanded to the trial court for further proceedings. Id.
On August 25, 1998, the trial court rendered its decision, order, and entry in which it adopted the magistrate's December 13, 1995, and January 24, 1996, reports and recommendations. That decision was amended on September 2, 1998, to include the court's statement that the August 25 decision is a final appealable order. The trial court ordered that the real estate transfer from Ralph Marzocco to Joyce Marzocco of his interest in the Clifty Falls property be set aside; that judgment be entered against the Marzoccos in favor of Titus by virtue of a certificate of judgment filed December 13, 1994, which the court found to be a valid lien on the Clifty Falls property; that the equity of redemption of Ralph Marzocco be foreclosed; that the liens be marshaled; that Ralph Marzocco's interest in the Clifty Falls property be sold free and clear of all claims, liens, and interest of all parties; and that the proceeds from the sale be applied to the parties as their interest may appear. The court also found that the NBD Bank/Mortgage Company is the first and best lien on the Clifty Falls property and had priority over other lien holders respecting any proceeds from the foreclosure. The Marzoccos' timely notice of appeal followed, and they now assert four assignments of error. First, the Marzoccos contend the trial court's adoption of the magistrate's decisions was not timely. Next, they claim the trial court erred in finding the December 13, 1994, certificate of judgment to be a valid lien. Third, the Marzoccos argue that it was error for the trial court to order the real estate transfer between Mr. Marzocco and Mrs. Marzocco to be set aside. Finally, the Marzoccos contend the trial court's decision abused or obstructed law, and that the court's failure to rule on certain of the Marzoccos' motions and "charges of law abuse and obstruction" constituted reversible error. We have reviewed each of the Marzoccos' assigned errors and find them to be without merit. For the reasons that follow, each is overruled.
 I.
The trial court erred to the prejudice of the Appellants for failure to timely render decision, order, and entry adopting report and recommendations of magistrate dated December 13, 1995, and January 24, 1996.
In their first assignment of error, the Marzoccos contend that C.P.Sup.R. 8.01(A) (superseded by Sup.R. 39(A) on July 1, 1997) establishes a one-year time limit for disposition of civil cases which has been exceeded in this case. They argue, without citing any specific examples, that the trial court unnecessarily delayed adopting the magistrate's reports and recommendations, and that such delay was "prejudicial to the rights and interests of the appellants." We reject both arguments.
The Rules of Superintendence are "purely housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants." State v. Tyler
(1990), 67 Ohio App.3d 455, 457, quoting State v. Gettys (1976),49 Ohio App.2d 241, 243. Thus, they provide no basis for reversal of a trial court's decision on appeal. We add, however, that even if the Rules of Superintendence possessed the potency suggested by the Marzoccos, nothing in their brief convinces us that they have been in any way prejudiced by any delay in the trial court's adoption of the magistrate's decisions. Simply stating that such prejudice is "abundantly clear" is insufficient, and in fact seems to be but one more of the Marzoccos' numerous outrageous, but unsupported, allegations contained in their brief.
Having found no error and no prejudice, the Marzoccos' first assignment of error is overruled.
 II.
The trial court erred to the prejudice of the Appellants for finding certificate of judgment filed December 13, 1994 a valid lien.
In their second assignment of error, the Marzoccos argue that the certificate of judgment filed December 13, 1994, which was found to be a valid lien by the trial court, was a nullity due to the court's January 21, 1997, and February 13, 1997, orders, both of which the Marzoccos argue discharged the judgment. The appellee, however, correctly notes that the orders relied upon by the Marzoccos were both vacated by our opinion in Bolling v.Marzocco (Dec. 12, 1997), Montgomery App. Nos. 16406, 16446, unreported. The Marzoccos' argument that the 1997 orders retain some vitality in spite of our vacation of them is ridiculous. A vacated order is destroyed in its entirety. 63 Ohio Jurisprudence 3d (1985) 377, Judgments, § 559. The second assignment of error is accordingly overruled.
 III.
The trial court erred to the prejudice of the Appellants for finding the transfer of real estate by Ralph L. Marzocco to Joyce A. Marzocco dated February 15, 1994 be set-aside [sic].
In their third assignment of error, the Marzoccos contend the Appellee's complaint and amended complaint should be dismissed due the delay which forms the basis for their first assignment of error, and because the certificate of judgment, the subject of their second assignment of error, has been discharged. We have overruled both of the Marzoccos' preceding assignments of error and they therefore provide no support for his argument in this assignment of error. The Marzoccos' third assignment of error is overruled.
 IV.
The trial court Judge David G. Sunderland erred to the prejudice of the Appellants by rendering decisions and orders that abuse or obstruct law and by not rendering findings on motions and charges of law abuse and obstruction.
The Marzoccos' arguments in their fourth and final assignment of error are incomprehensible. Allegations of fraud, extortion, ex parte communications between Appellee's counsel and one John Cumming, whose relationship to the case is not revealed, contempt, and breaches of fiduciary duties are liberally scattered throughout the Marzoccos' argument but utterly devoid of support in the record before us. The Marzoccos' accusation that the trial court judge possesses a "proficiency of arrogance" is laughable, given the source.
Aside from the Marzoccos' wild and fantastic, perhaps even paranoid, claims of what, if true, would amount to a vast conspiracy against them, their main complaint in their third assignment of error appears to be, as best we can tell, that the trial judge did not rule on each and every one of their apparently multitudinous filings of motions and "charges." Where a trial court fails to rule upon a motion, however, we will presume the motion was overruled. Newman v. Al Castrucci Ford Sales, Inc.
(1988), 54 Ohio App.3d 166, 169. The Marzoccos do not contend their motions and "charges" were erroneously overruled, so we need not address the correctness of their presumed overruling.
The Marzoccos also claim that the trial court should have ruled on their "charge of perpetrating fraudulent conveyance, charge of perpetrating fraud, charge of perpetrating extortion, motion to compel production of documents, and memorandum" which was filed on September 28, 1998. Since the Marzoccos are before us on appeal from a September 2, 1998 decision, however, any complaint they may have regarding the trial court's handling of subsequently filed "charges" is not properly before us.
For the foregoing reasons, the Marzoccos' fourth assignment of error is overruled.
Having found each and every one of the Marzoccos' assignments of error to be absolutely lacking in merit, we affirm the decision of the trial court.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Richard G. Knostman
Ralph L. Marzocco
Joyce A. Marzocco
Hon. David G. Sunderland
[1] We note that in spite of his disbarment on July 16, 1997, Mr. Marzocco continues to hold himself out to be an attorney as is evidenced by copies of two letters, dated August 24, 1998, and September 9, 1998, appended to his appellate brief, the letterhead of which reads "Ralph L. Marzocco, Patent Attorney."
[2] For those interested in a complete account of the events leading to the present appeal, or for those who are entertained by astounding and extravagant displays of pure and unabashed insolence, we reference, in chronological order, Dayton Bar Assn.v. Marzocco (1994), 71 Ohio St.3d 306; Marzocco v. Titus (1995),106 Ohio App.3d 112; Titus v. Marzocco (Jan. 24, 1996), Montgomery App. No. 15428, unreported; Marzocco v. Titus (July 26, 1996), Montgomery App. No. 15747, unreported; Titus v. Marzocco (Oct. 14, 1996), Clermont App. No. CA96-02-026, unreported; Dayton Bar Assn.v. Marzocco (1997), 79 Ohio St.3d 186; Bolling v. Marzocco (Dec. 12, 1997), Montgomery App. Nos. 16406, 16446, unreported; Knostmanv. Marzocco (July 24, 1998), Montgomery App. Nos. 16758, 16818, unreported.