THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

[Cite as State v. Johnson (1971), 26 Ohio St. 2d 43.]

(No. 69-551—Decided April 7, 1971.)

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. David H. Bodiker,* for appellee.

*Miss Violet J. Tarcai,* for appellant.

HERBERT, J. Petitioner is seeking to vacate his 1956 conviction as an habitual criminal on the ground that one of the prior convictions upon which that conviction was based was void.

In 1944, petitioner pleaded guilty to burglary and larceny. This 1944 conviction was one of the four prior convictions set out in petitioner's 1956 indictment for being an habitual criminal. Relying upon *Gideon* v. *Wainwright* (1963), 372 U. S. 335, 9 L. Ed. 2d 799, petitioner contends

that his 1944 conviction was void because he pleaded guilty without having been advised of his right to an attorney, and, therefore, did not knowingly or intelligently waive his right to counsel.

The instant record discloses that, in denying post-conviction relief with respect to petitioner's 1956 habitual criminal conviction, the Court of Common Pleas made a factual determination that petitioner's right to counsel was not explained to him at the time of his 1944 conviction for burglary and larceny, and that petitioner did not affirmatively waive such right. The trial court correctly noted that, under such facts, decisions of the United States Supreme Court would compel the setting aside of petitioner's 1944 conviction. *Gideon* v. *Wainwright* (1963), 372 U. S. 335, 9 L. Ed. 2d 799; *Pickelsimer* v. *Wainwright* (1963), 375 U. S. 2, 11 L. Ed. 2d 41; *Doughty* v. *Maxwell* (1964), 376 U. S. 202, 11 L. Ed. 2d 650.

The reason given below for not setting aside petitioner's 1944 conviction was that the instant case is directed only against the 1956 habitual criminal conviction. Thus, it was reasoned, petitioner's 1944 conviction was merely an item of evidence adduced in his 1956 habitual criminal trial; and if the 1944 conviction was without force and effect, the introduction thereof in that 1956 trial was error reviewable upon appeal and not reachable in postconviction proceedings. *Cf. Burgett* v. *Texas* (1967), 389 U. S. 109, 19 L. Ed. 2d 319.

To follow that reasoning would require petitioner to file a motion for a delayed appeal from his 1956 habitual criminal conviction. If that were overruled, he would be obliged to institute a postconviction remedy action against his 1944 conviction. If eventually successful therein, petitioner would then have to lodge another postconviction remedy action against his 1956 habitual criminal conviction. Years hence, he would likely arrive back in this court with a cause practically in the same posture as the one now before us.

The exigencies of today's crowded court dockets demand far more of us than such circuitous juridical choreography.

The case law chronology in this cause rendered meaningless petitioner's original appellate rights upon the grounds now asserted. See *McMullen* v. *Maxwell* (1965), 3 Ohio St. 2d 160, 209 N. E. 2d 449; *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 179, 226 N. E. 2d 104; *cf. Case* v. *Nebraska* (1965), 381 U. S. 336, 14 L. Ed. 2d 422; *Gideon* v. *Wainwright, supra; Pickelsimer* v. *Wainwright, supra; Doughty* v. *Maxwell, supra.*

Justice and logic require a present and efficacious postconviction determination of the constitutional viability of petitioner's 1956 habitual criminal conviction; in so doing, constitutional infirmities relating to the 1944 conviction, upon which petitioner's habitual criminal conviction was based, should be considered.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings in accordance with this opinion.

*Judgment reversed.*

O'Neill, C. J., Duncan and Corrigan, JJ., concur.
Krenzler, J., concurs in the judgment of reversal only.
Schneider and Stern, JJ., dissent.

Krenzler, J., of the Eighth Appellate District, sitting for Leach, J.

Krenzler, J., concurring. I concur in the reversal of the judgment of the Court of Appeals, but feel compelled to make additional comment.

This case originated in the Common Pleas Court of Franklin County on a petition for postconviction relief filed by the defendant, hereinafter referred to as appellant, to vacate the September 7, 1944, judgment and sentence for burglary and larceny, and the September 13, 1956, judgment and sentence as an habitual criminal under R. C. 2961.12.

The habitual criminal statutes of Ohio, R. C. 2961.11 through 2961.13, provide that if a person has four convictions for certain specified crimes, he shall be adjudged an habitual criminal and sentenced to imprisonment for life. It is noted that R. C. 2961.13 provides that at the time a

defendant is sentenced as an habitual criminal, the court will also vacate the *sentence,* but not the judgment of conviction, for the fourth offense.

Appellant was indicted as an habitual criminal by the Franklin County Grand Jury on May 21, 1956 (case No. 35900). The case was tried to a jury, appellant was found guilty and, under R. C. 2961.12, he was sentenced to life imprisonment and the sentence in case No. 35669 (appellant's fourth conviction), was vacated. No direct appeal was taken by appellant from that judgment of conviction.

The four felony convictions which led to appellant's indictment as an habitual criminal were all secured in the Common Pleas Court of Franklin County, and are as follows:

1. On August 31, 1944, appellant was charged with burglary and grand larceny (case No. 26990), and on September 7, 1944, entered a plea of guilty to the charge and was sentenced to the Ohio Reformatory.

2. Appellant was indicted on September 28, 1946 (case No. 28229), and on November 6, 1946, waived a jury trial and was found guilty of grand larceny by the court and sentenced to the Ohio Reformatory.

3. On March 16, 1952, appellant was indicted on two counts of burglary and larceny (case No. 32641), and on May 20, 1952, was found guilty on both counts and sentenced to the Ohio Penitentiary.

4. On January 9, 1956, appellant was indicted on two counts of burglary and larceny (case No. 35669), and on May 15, 1956, was found guilty on both counts and sentenced to the Ohio Penitentiary, to serve the sentences consecutively.

On December 2, 1968, appellant filed his petition to vacate the judgments and sentences imposed by the Common Pleas Court in case Nos. 26990 and 35900, the 1944 and 1956 convictions, respectively.

On December 17, 1968, the Common Pleas Court made findings of fact and conclusions of law and rendered a decision dismissing appellant's petition and denying the requested relief. The Court of Appeals affirmed the judgment of the Common Pleas Court and denied appellant's

motion for appointment of counsel to pursue his appeal.

On September 23, 1970, this court accepted jurisdiction of this cause, allowing appellant's motion for leave to appeal.

The Ohio Postconviction Remedy Act (R. C. 2953.21 through 2953.24) provides that if a person convicted of a criminal offense claims that there was a denial of his constitutional rights under the Ohio Constitution or the United States Constitution, such person may file a petition at any time in the court which imposed the sentence, asking the court to vacate or set aside the judgment or sentence; and if the court finds grounds for granting relief it shall vacate and set aside the judgment complained of.

Appellant filed his petition for postconviction relief under R. C. 2953.21, alleging that he pleaded guilty in 1944 without the aid of an attorney; that he did not knowingly or intentionally waive his right to counsel; nor was he advised of his right to counsel by the sentencing judge.

The findings of fact and conclusions of law of the Common Pleas Court state that the defendant did not at the time of his plea of guilty on September 7, 1944 (case No. 26990), have representation by counsel, nor did he affirmatively waive any right to counsel by formal action at that time.

The issues to be decided are:

(1) Did the fact that appellant did not have counsel and did not affirmatively waive his right to counsel violate his constitutional rights to such an extent that his 1944 conviction for burglary and larceny would be void or voidable?

(2) If appellant's 1944 conviction is void, did he have four convictions necessary for sentencing as an habitual criminal?

(3) Can the appellant use the Postconviction Remedy Act to attack the validity of the 1944 conviction and the 1956 conviction as an habitual criminal, in these proceedings?

The Common Pleas Court and the Court of Appeals indicated that appellant is incorrectly attacking the 1944 and 1956 convictions. If their reasoning is followed, appellant would first have to attack the 1944 conviction for burglary

and larceny (case No. 26990) as being void or voidable, and if he were successful he would then have to attack his conviction as an habitual criminal in 1956 (case No. 35900). Such procedure would require needless litigation. This court has before it all the necessary files and records pertaining to the proceedings against the appellant upon which to decide the issues in this case.

The right to counsel, guaranteed by the Sixth Amendment to the United States Constitution, is applicable to the states by virtue of the Fourteenth Amendment, making it unconstitutional to try a person for a felony in a state court unless he has a lawyer or has validly waived one. *Carnley* v. *Cochran* (1962), 369 U. S. 506; *Gideon* v. *Wainwright* (1963), 372 U. S. 335; *Doughty* v. *Maxwell* (1964), 376 U. S. 202.

In Ohio, a prisoner is entitled to postconviction relief under R. C. 2953.21 if the court can find there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution. Paragraph three of the syllabus of *State* v. *Perry* (1967), 10 Ohio St. 2d 175.

Appellant did not have counsel, and he did not waive his right to counsel. This entitles him to postconviction relief because there was a denial of his constitutional rights which makes the 1944 judgment and sentence voidable, since *Gideon* v. *Wainwright, supra,* has retrospective application.

It is noted that appellant did not raise constitutional issues at the time of his 1956 sentencing as an habitual criminal when he was represented by counsel. This does not preclude appellant from using the Postconviction Remedy Act.

This court has held that constitutional issues cannot be considered in postconviction proceedings under R. C. 2953.-21 *et seq.*, where they could have been fully litigated by the prisoner while represented by counsel. Paragraph seven of the syllabus in *State* v. *Perry, supra,* and paragraph two of the syllabus in *State* v. *Duling* (1970), 21 Ohio St. 2d 13. However, under the facts in this case it was not reasonable to expect counsel for appellant to raise the issue of the

constitutionality of the 1944 conviction in the habitual criminal proceedings in 1956 and to anticipate the 1963 ruling by the United States Supreme Court in *Gideon* v. *Wainwright*.

The trial court's findings of fact and conclusions of law clearly show that the appellant did not have counsel, nor did he affirmatively waive his right to counsel, when he pleaded guilty in 1944 to the charges of burglary and larceny. He was denied a specific federal constitutional right, and, therefore, the 1944 conviction is invalid and should be vacated and held for naught.

An invalid conviction cannot be used as one of the four convictions necessary to the conviction of a person as an habitual criminal. *Burgett* v. *Texas* (1967), 389 U. S. 109. The 1956 conviction of appellant as an habitual criminal is also invalid and should be vacated and held for naught because, upon the vacation of the 1944 judgment in case No. 26990, the appellant will not have the four convictions required by R. C. 2961.12.

Further, the 1956 conviction for burglary and larceny (case No. 35669) which was vacated pursuant to R. C. 2961.-13, should be reinstated and appellant resentenced thereunder, with credit given for the time served as an habitual criminal in case No. 35900.

STERN, J., dissenting. I dissent from the order issued by the majority in remanding this cause to the Common Pleas Court. Under the state of the record the habitual criminal conviction cannot be set aside upon any determination to be made by the trial court as to the 1944 burglary conviction, which was one of the convictions upon which the 1956 judgment of conviction was based.

The trial court, in hearing petitioner's claim, stated that in 1944 no records were kept by courts to indicate that defendant had affirmatively waived his right to have counsel; therefore, *Gideon* v. *Wainwright* (1963), 372 U. S. 335, pertains. In the 1956 habitual criminal case proceeding, the 1944 conviction was only an *evidentiary matter*. As far as the record herein is concerned, the 1944 judgment of conviction was a viable judgment in 1956, and it is viable at the present time.

50

The innocence or guilt of the defendant, as to any of the four convictions upon which the habitual criminal case was base l, cannot be considered in this proceeding. In *Maloney* v. *Maxwell* (1962), 174 Ohio St. 84, 86, this court held "that the effect of the Habitual Criminal Act is to at'.ach an additional penalty for a fourth offense."

Petitioner claims that *Burgett* v. *Texas* (1967), 389 U. S. 109, is authority for his position that the 1956 habitual criminal conviction can be set aside on the basis of *e* "void" judgment of conviction in one of the cases that constituted the Habitual Criminal Act violation. *Burgett* was a direct appeal to the Supreme Court of the United States from a judgment of conviction. The judgment of conviction was reversed and the cause remanded. Thus, the judgment of conviction had not become final. In this case, the habitual criminal judgment of conviction became final in 1956. In the case at bar, a trial was had and defendant was represented by counsel.

In the remanding of the cause to the trial court by the majority to consider constitutional infirmities, if any, in the 1944 judgment of conviction, there can be revealed no more than that which the trial court found in making its finding of fact. That which the trial court found on this subject is that which the petitioner contends.

The finding of the trial court in petitioner's postconviction proceedings was that the subject of the 1944 conviction was solely an *evidentiary matter* in the 1956 habitual criminal conviction.

The habitual criminal statute provides for an augmentation of penalty for the *last* conviction of a repetitive offender. *Huth* v. *Maxwell* (1964), 176 Ohio St. 360. Petitioner can raise the question which he presents here only in proceedings involving a direct attack upon the 1944 judgment of conviction. *Maloney* v. *Maxwell, supra* (174 Ohio St. 84). In *Maloney*, this court held that habeas corpus was not the proper proceeding for a review of one of the convictions upon which the habitual criminal case was based. I do not interpret that to mean that a remedy, other than habeas corpus, is available to a petitioner to set aside one of the convictions upon which the habitual

criminal sentence was based. The *Maloney* case indicated that an attack upon one of the convictions upon which the habitual criminal case was based had to be a direct attack, by way of an appeal from the judgment of conviction, in which the defendant could raise specific constitutional issues as to his conviction.

Petitioner's rights in this case under the Postconviction Remedy Act (R. C. 2953.21 *et seq.*) are limited to the burglary and larceny charge upon which he was convicted in 1956. His claim as to violation of constitutional rights and to set aside the 1944 conviction involve issues which must be raised directly in *that* case. The introduction in evidence in the habitual criminal case of proof of the 1944 conviction was solely to show that defendant had been adjudged a prior offender.

Based upon the facts and the law presented in this appeal, I would affirm the judgment of the Court of Appeals.

SCHNEIDER, J., concurs in the foregoing dissenting opinion.