THE STATE OF OHIO, APPELLEE, *v.* PORTER, APPELLANT.

(No. 8110—Decided July 28, 1976.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. Carl M. Layman III,* for appellee.

*Mr. William T. Whitaker,* for appellant.

MAHONEY, J. This is an appeal by the defendant, Kenneth J. Porter, from his conviction in the Court of Common Pleas of Summit County for receiving stolen property, having been previously convicted of a theft offense under R. C. 2913.51. We affirm.

In 1969, the defendant pled guilty to four counts of breaking and entering an inhabited dwelling in the daytime. In 1972, he pled guilty in Akron Municipal Court to petit theft. On both occasions he was sentenced.

On October 20, 1975, the Summit County Grand Jury indicted defendant on three separate counts of receiving stolen property. On February 24, 1976, defendant moved that the trial court strike all references to his prior theft offenses in the indictment on the ground that when he pled guilty he was not informed that a conviction would subject him to additional criminal liability if he were to be convicted of a subsequent theft offense.

On March 3, 1976, defendant appeared with his attorney. He agreed to plead no contest to count two of the indictment and counts one and three were dismissed. The defendant testified that he had not been informed of the possible additional criminal liability involved when he plead guilty in 1969 and 1972. In overruling defendant's motion to strike, the court made a finding that the defendant had not been informed of any possible additional criminal liability as a repeat offender. After complying with Crim. R. 11, the court accepted the defendant's no contest plea and sentenced him to Chillicothe Correctional Institute for one to five years on count two of the indictment. Defendant appeals from this conviction and assigns as error:

1. "The trial court erred in overruling appellant's motion to strike all references to prior offenses as said offenses were void or voidable and thus their use in the indictment in the present case constitutes a denial of due process of law."

2. "The trial court erred in overruling appellant's motion to dismiss as more than sixty days from the date the case was bound over to the grand jury until the present indictment was issued had elapsed in violation of Ohio Rule of Superintendence 8."

*Assignment of Error No. 1*

The issue raised by this assignment of error is properly before the court. *State* v. *Johnson* (1971), 26 Ohio St. 2d 43. The trial court found that the defendant was not advised when he plead guilty in 1969 and 1972 that he might be subject to subsequent jeopardy under some type of repeat offender statute. If the defendant had a constitutional right to such advice at his previous trials, then the convictions resulting from those trials are invalid and his conviction here is also invalid.

For several reasons we hold that the defendant had no such constitutional right. Crim. R. 11(C) (which was not in effect in 1969) is the method adopted by the Ohio Supreme Court to insure that persons pleading "no contest" or "guilty" make a knowledgeable and intelligent waiver of their constitutional rights. Among other requirements, Crim. R. 11(C) mandates that the trial court determine that the defendant is aware of the "maximum penalty" involved and understands the "effect of his plea."

The only possible way that a defendant can be subject to additional criminal liability under a repeat offender statute is to be convicted of committing a subsequent crime. At the time of his conviction for the first offense, a defendant is not subject to this criminal liability. Therefore, information about the "maximum penalty" or the "effect of his guilty plea" need not include advice that a subsequent conviction for similar offenses will subject a defendant to additional criminal liability. Since the defendant here was not liable to suffer such a penalty without an intervening cause, it is illogical to argue that his guilty pleas were the result of an involuntary waiver of his rights.

The purpose of questioning a criminal defendant and informing him of his rights when he is pleading guilty is to insure that the waiver of his various constitutional rights is voluntary, knowledgeable and intelligent.

The Ohio Supreme Court established the standards for the acceptance of guilty pleas in *State* v. *Griffey* (1973), 35 Ohio St. 2d 101. Nothing in *Griffey*, the Criminal Rules, or subsequent cases makes the voluntariness of a guilty plea dependant upon informing a defendant of possible subsequent criminal liability under a repeat offender statute. Additionally, defendant cited not one case to support his argument.

R. C. 2913.51 was not in effect when the defendant pled guilty to the charges now subjecting him to liability for prior convictions. He makes no allegation that his guilty pleas in those cases were defective in any manner other than discussed here. Therefore, we cannot hold that his convictions in 1969 and 1972 were the constitutionally invalid result of involuntary guilty pleas. Defendant's guilty pleas could not have resulted from the trial court's failure in those cases to adequately inform him of possible future criminal liability where his statutory authority was not in existence at the time.

The constitutionality of repeat offender statutes has been upheld in *Spencer* v. *Texas* (1967), 385 U. S. 554, and *State* v. *Gordon* (1971), 28 Ohio St. 2d 45. A defendant's guilty plea is not made constitutionally suspect by a failure to inform him that a conviction might subsequently subject him to criminal liability under a repeat offender statute should he commit another crime. Since we hold that defendant's convictions in 1969 and 1972 were valid, his conviction here is valid and the trial court committed no error. Assignment of error one is rejected.

*Assignment of Error No. 2*

This court has consistently held that the Superintendency Rules are guidelines for judges only and cannot be used by criminal defendants as a ground for discharge. *State* v. *Duncan*, Ninth Appellate District, No. 581, decided Oct. 22, 1975. We reject assignment of error two.

*Judgment affirmed.*

Victor, P. J., and Brenneman, J., concur.