The STATE of Ohio, Appellant,

v.

TYLER, Appellee.

[Cite as *State v. Tyler* (1990), 67 Ohio App.3d 455.]

Court of Appeals of Ohio,
Lawrence County.

No. 1903.

Decided April 26, 1990.

*J. Stewart Kaiser,* Prosecuting Attorney, for appellant.

*Robert Anderson,* for appellee.

---

HOMER E. ABELE, Presiding Judge.

This is an appeal by the state from a Lawrence County Common Pleas Court judgment dismissing a felony indictment.

The Lawrence County Municipal Court bound over appellee, Andrew Tyler, to the grand jury on January 26, 1989 on a charge of trafficking in drugs in violation of R.C. 2925.03. The Lawrence County Grand Jury issued an indictment for the same charge on March 28, 1989.

Appellee filed a motion to dismiss the indictment alleging a violation of C.P.Sup.R. 8(A). The court found the indictment occurred sixty-one days after the bind-over and dismissed the indictment with prejudice. We reverse.

Assignment of Error

"The ruling of the trial court granting the defendant a dismissal with prejudice because sixty-one days had passed from the time he was bound over to the grand jury until he was indicted was error."

C.P.Sup.R. 8(A) states:

"When an accused has been bound over to a grand jury and no final action is taken by the grand jury within 60 days after the date of the bindover, the court or the administrative judge thereof shall dismiss the charge unless for good cause shown the prosecuting attorney is granted a continuance for a definite period of time."

The prosecution did not request a continuance prior to the expiration of the sixty days. The lower court found this violation of the rule was grounds for a dismissal with prejudice. We disagree.

Section 5(A), Article IV, Ohio Constitution authorizes the Ohio Supreme Court to establish Rules of Superintendence.

" * * * These Rules of Superintendence are designed (1) to expedite the disposition of both criminal and civil cases in the trial courts of this state, while at the same time safeguarding the inalienable rights of litigants to the just processing of their causes; and (2) to serve that public interest which mandates the prompt disposition of all cases before the courts.

" * * * The Rules of Superintendence are not designed to alter basic substantive rights of criminal defendants." *State v. Singer* (1977), 50 Ohio St.2d 103, 109–110, 4 O.O.3d 237, 240–241, 362 N.E.2d 1216, 1220–1221.

The court in the instant case was correct in finding C.P.Sup. 8(A) had been violated; however, it was incorrect in the sanction it imposed for the violation. Although the rule calls for a dismissal of the charge, it does not state the dismissal should be with prejudice. Appellee cites no authority for the court's use of the superintendence rules as an absolute bar to criminal prosecution.

In *State v. Porter* (1976), 49 Ohio App.2d 227, 230, 3 O.O.3d 276, 278, 360 N.E.2d 759, 761, the court stated:

"This court has consistently held that the Superindendence Rules are guidelines for judges only and cannot be used by criminal defendants as a ground for discharge."

The court in *State v. Gettys* (1976), 49 Ohio App.2d 241, 243, 3 O.O.3d 286, 287, 360 N.E.2d 735, 737, found the Rules of Superintendence to be:

" * * * [P]urely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants. * * * "

We find the lower court had no authority under C.P.Sup.R. 8(A) to dismiss the instant case with prejudice. Appellant's assignment of error is sustained.

*Judgment reversed.*

GREY, J., concurs with separate concurring opinion.

HARSHA, J., concurs in judgment and opinion and with concurring opinion.

GREY, Judge, concurring.

I concur in the judgment but for different reasons.

A court has the power and duty to dismiss a criminal case which is not being prosecuted to the extent that it infringes on the defendant's constitutional right to a speedy trial. Our opinion should not be construed to hold that that power is limited.

It would appear from the trial court's entry of dismissal, which cited C.P.Sup.R. 8, that the dismissal was based on that rule, *i.e.,* as a sanction for failure by the prosecutor to comply with that rule by seeking a continuance. It further appears that the trial court granted the dismissal because it felt it was required to under that rule. I agree with the majority that a dismissal with prejudice is not mandated, but again I would not restrict the trial court's authority to dismiss on the grounds that failure to follow the Rules of Superintendence constituted evidence of a violation of the constitutional right to a speedy trial.

Finally, I would add a comment on the substance of the appellant's claim of error. In effect, appellant argues that if C.P.Sup.R. 8(A) does not require a dismissal with prejudice, how is the rule to be enforced? What sanction is applied to protect the criminal defendant? The protection is found in Ohio's speedy trial statute, R.C. 2945.72. If a defendant is bound over, waits sixty days, is discharged, and is subsequently indicted, those sixty days are included in the calculation of the statutory speedy trial deadlines. A defendant's right to a speedy trial is protected whether the time is calculated as pre-indictment time, or post-indictment time, since the time begins to run from the date of the arrest, and not from the date of the indictment.

Thus, I concur in the reversal of this case.

HARSHA, J., concurs in the foregoing opinion.