DECISION AND JUDGMENT ENTRY
{¶ 1} Lonny Bristow appeals his convictions for retaliation and harassment by an inmate on the basis that the trial court failed to sufficiently inquire whether he knowingly, intelligently, and voluntarily waived his right to counsel when he chose to represent himself. The totality of the circumstances shows that the trial court inadvertently failed to engage in any meaningful dialogue with Bristow concerning his decision to proceed pro se; due largely to the unusual procedural posture of these cases, it failed to advise Bristow of the nature of the charged offenses, the range of possible punishments, possible defenses to the charged offenses, or the dangers and disadvantages of self-representation. Because the trial court failed to adequately *Page 2 
ensure that Bristow knowingly, intelligently, and voluntarily elected to proceed pro se prior to pleading guilty, we sustain appointed counsel's sole assignment of error and sustain Bristow's first pro se assignment of error.
 {¶ 2} Bristow also contends that trial court lacked jurisdiction to convict him on the harassment charge because the indictment failed to set forth a material element of the offense. Because we vacated Bristow's guilty plea and conviction, we instruct the trial court to address this issue on remand.
 {¶ 3} Next, Bristow contends that the trial court lacked jurisdiction to proceed with arraignment on the harassment charge because the case had not been properly transferred under Sup. R. 36. The trial court, however, had subject matter jurisdiction over these criminal proceedings. Therefore, even if the trial court failed to comply with Sup. R. 36, which confers no substantive right to criminal defendants, Bristow's argument lacks merit. Accordingly, we overrule his third pro se assignment of error.
 {¶ 4} Finally, Bristow contends that the trial court erred in accepting his guilty plea on the retaliation charge because it failed to advise him that he would be subject to a mandatory period of post release control. In light of our disposition of his first assignment of error, his fourth pro se assignment of error is moot.
 I. Procedural History and Facts {¶ 5} In October 2006, a Scioto County grand jury indicted Bristow on twenty-eight criminal charges including three counts of retaliation under case number 06CR1443. Prior to being arraigned before Judge Harcha, Bristow filed a motion to proceed pro se. At the arraignment, Judge Harcha decided not to appoint counsel to represent Bristow; instead, he appointed Attorney Richard Nash as stand-by counsel to *Page 3 
assist Bristow at trial. The case was later assigned to Judge William T. Marshall. In February 2007, Bristow filed a motion to dismiss for violations of his right to proceed pro se. He argued that although Attorney Nash was only appointed as standby counsel, he nonetheless acted as his attorney at two pretrial hearings in violation of his rights. In April 2007, the court conducted a pretrial and Attorney Nash, who was present at the hearing, informed the court that Bristow was still proceeding pro se. The court scheduled a jury trial for the following month.
 {¶ 6} In the meantime, in May 2007, a Scioto County grand jury indicted Bristow on one count of harassment by an inmate, under case number 07CR516. Judge Marshall conducted a pretrial hearing on case number 06CR1443 and at that time, also arraigned Bristow on the new charge under case number 07CR516. After Bristow requested a continuance of the arraignment to seek counsel, Judge Marshall denied the request but entered a not guilty plea on his behalf. Judge Marshall did not appoint counsel to either represent or assist Bristow under case number 07CR516. Subsequently, case number 07CR516 was officially transferred to Judge Marshall because he was already assigned case number 06CR1443, which involved Bristow. The trial date for both cases was later set for October 2007.
 {¶ 7} Then in June 2007, the Scioto County grand jury indicted Bristow on four counts of intimidation and four counts of retaliation, under case number 07CR580. At the arraignment before Judge Harcha, Bristow requested a continuance in order to have his family seek counsel. However, Judge Harcha appointed Attorney Nash to represent Bristow on case number 07CR580, and because Attorney Nash was not available for the hearing, Attorney Jeff Kleha stood in for him. Bristow entered a not guilty plea and *Page 4 
later filed a motion to proceed pro se in case number 07CA580. That case was also transferred to Judge Marshall because he was already assigned the other two cases involving Bristow. Then in July 2007, Bristow filed a motion to compel a ruling on his motion to proceed pro se and argued that his appointed counsel was not authorized to do or file anything in case number 07CA580.
 {¶ 8} In September 2007, Judge Marshall conducted a hearing on all three cases, which addressed numerous pending motions, including a motion to quash subpoenas filed by the Attorney General's office. At some point during the hearing, Bristow consulted with Attorney Nash about "resolving the case." After reaching a negotiated plea agreement with the State, Bristow pleaded guilty to one count of retaliation under case number 06CR1443, and one count of harassment by an inmate under case number 07CR516. As part of the plea agreement, the State dismissed the remaining twenty-seven counts in case number 06CR1443 and all of the counts in case number 07CR580. The court sentenced Bristow to a four-year prison term on the retaliation charge and a six-month prison term on the harassment charge, to run consecutively with each other and to the prison term Bristow was already serving. This appeal followed.
 II. Assignments of Error {¶ 9} Appointed counsel presents one assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO ADVISE MR. BRISTOW OF THE CONSEQUENCES OF DECLINING COUNSEL AND ELECTING TO REPRESENT HIMSELF, FAILING TO INSURE [SIC] THAT MR. BRISTOW'S WAIVER OF COUNSEL WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE. SIXTH AND FOURTEEN AMENDMENTS OF THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION. (SEPTEMBER 5, 2007 TRANSCRIPT, P. 51). *Page 5 
 {¶ 10} Additionally, Bristow filed a pro se brief and raises the following assignments of error:[1]
First Assignment of Error: THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR IN NOT DEMONSTRATING SUBSTANTIAL COMPLIANCE WITH CRIM. R. 44(A) BY MAKING A SUFFICIENT INQUIRY TO DETERMINE WHETHER APPELLANT FULLY UNDERSTOOD AND INTELLIGENTLY RELINQUISHED HIS RIGHT TO COUNSEL IN VIOLATION OF SECTION 10, ARTICLE I OF THE OHIO CONSTUTITION AND SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
Second Assignment of Error: THE TRIAL COURT LACKED JURISDICTION TO CONVICT APPELLANT ON THE CHARGE OF HARASSMENT BY INMATE WHERE THE INDICTMENT FAILS TO CHARGE AN OFFENSE IN VIOLATION OF SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
Third Assignment of Error: THE TRIAL COURT LACKED JURISDICTION TO PROCEED WITH ARRAIGNMENT BECAUSE SAID TRIAL JUDGE WAS NOT ASSIGNED TO THE CASE IN ACCORDANCE WITH THE RULES OF SUPERINTENDENCE.
Fourth Assignment of Error: THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT INFORMING APPELLANT OF THE CONSEQUENCES OF SAID PLEA, ON THE RETALIATION COUNT.
 III. Waiver of the Right to Counsel *Page 6 {¶ 11} Bristow contends that the trial court deprived him of his right to counsel by failing to sufficiently inquire whether he knowingly, intelligently, and voluntarily waived this right when he chose to represent himself. He contends that at no point during the proceedings did the trial court adequately advise him of the dangers and disadvantages of self-representation, the nature of the charges, the range of possible punishments, and any possible defenses or mitigating factors.
 {¶ 12} The Sixth Amendment to the United States Constitution provides that criminal defendants shall have the right to the assistance of counsel for their defense. Because a defendant also has the right of self-representation, the defendant may waive the right to counsel and elect to represent himself. See Faretta v. California (1975),422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; State v. Martin, 103 Ohio St.3d 385,2004-Ohio-5471, 816 N.E.2d 227, at ¶¶ 23-24; State v. Gibson (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph one of the syllabus. To establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. Gibson
at paragraph two of the syllabus.
 {¶ 13} Moreover, Crim. R. 44, which addresses the right to counsel and its waiver, states:
 (A) Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
 {¶ 14} Crim. R. 44(C) further provides: "Waiver of counsel shall be in open court and the advice and waiver shall be recorded * * *. In addition, in serious offense cases *Page 7 
the waiver shall be in writing." A "serious offense" means any felony or misdemeanor "for which the penalty prescribed by law includes confinement for more than six months." Crim. R. 2(C). Because Bristow was originally charged with felonies punishable by confinement for more than six months, Crim. R. 44(A) and (C) apply to this case.
 {¶ 15} "While literal compliance with Crim. R. 44(C) is the preferred practice, the written waiver provision of Crim. R. 44 is not a constitutional requirement, and, therefore, * * * trial courts need demonstrate only substantial compliance." Martin at ¶ 38. Thus, when a criminal defendant elects to proceed pro se in a "serious offense," the trial court must make a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel. Martin at ¶ 39, citing Gibson at paragraph two of the syllabus. Where substantial compliance occurs, the failure to require a written waiver is harmless error. Martin at ¶ 39.
 {¶ 16} In addressing waiver of counsel, the Supreme Court of Ohio has also stated:
 "To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."
Gibson at 377, quoting Von Moltke v. Gillies (1948), 332 U.S. 708, 723,68 S.Ct. 316, 92 L.Ed. 309; see, also, Martin at ¶ 40. In VonMoltke, the United States Supreme Court noted that "[t]his protecting duty imposes the serious and weighty responsibility upon *Page 8 
the trial judge to determine whether there is an intelligent and competent waiver by the accused." Id. at 723. Furthermore, in order for the defendant to "competently and intelligently * * * choose self-representation, he should be made aware of the dangers and disadvantages of self representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'"Faretta at 835, quoting Adams v. United States ex rel. McCann (1942),317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268.
 {¶ 17} There is no single, definitive test to determine whether a defendant voluntarily, knowingly, and intelligently waives the right to counsel; rather, we conduct an independent review to see whether the totality of the circumstances demonstrates that the defendant voluntarily, knowingly, and intelligently waived his right to counsel.Wellston v. Horsley, Jackson App. No. 05CA18, 2006-Ohio-4836, at ¶ 10, citing State v. Doyle, Pickaway App. 04CA23, 2005-Ohio-4072, at ¶¶ 10-11; see, also, Martin, supra, and Gibson, supra, (where the Supreme Court of Ohio appears to conduct a de novo review). Thus, our review is de novo.
 {¶ 18} Here, the totality of the circumstances shows that the trial court inadvertently failed to ensure that Bristow knowingly, intelligently, and voluntarily waived his right to counsel, and thus failed to substantially comply with Crim. R. 44. Our review of the record shows that the trial court never advised Bristow of the nature of the charged offenses, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, or any other facts essential to a broad understanding of the whole matter. See Gibson at 377; see, also,Von Moltke, supra. The trial court also never *Page 9 
informed Bristow of the dangers and disadvantages of self-representation. See Faretta at 835. In short, the trial court failed to make an adequate determination that Bristow sufficiently understood the possible consequences of waiving counsel. While this apparent oversight is quite understandable in light of the convoluted and intermingled nature of the three cases, it cannot be overlooked.
 {¶ 19} During the November 8, 2006 arraignment hearing in case number 06CR1443, before Judge Harcha, the following exchange took place:
 THE COURT: Let the record show that we're here today in Case number 06-CR-1443, State of Ohio versus Lonnie Bristow. Mr. Bristow is currently incarcerated in the Southern Ohio Correctional Facility. Mr. Bristow, it's my understanding that you do not want counsel appointed and that you want to represent yourself.
 MR. BRISTOW: That is correct, Your Honor.
 THE COURT: Okay. Now, what I'm going to do today, I'm not going to appoint counsel to represent you. I am going to appoint counsel to be there and assist and I will not allow hybrid representation, either you're on your own or you have an attorney. I am in the process of looking for a list of questions that I'll need to ask you to make sure that you know what you're doing in representing yourself and we'll do that at probably another pre-trial that we have down the road. Have you been served with a copy of your indictment?
 MR. BRISTOW: I did receive a copy of the indictment, yes, Your Honor.
 THE COURT: Do you wish to enter a plea on that today?
 MR. BRISTOW: Yes.
 THE COURT: And what plea do you wish to enter?
 MR. BRISTOW: Not guilty.
 THE COURT: All right. I'll accept a plea of not guilty. We'll set this case, what I'm going to do for the time being I'm, going to appoint Mr. Rick Nash to assist. Now that does not mean you can call him and he files things for you. That means that when we get to trial he'll probably sit here with you. If you have any questions you can ask him questions, but he's not allowed to represent you. What type of sentence are you serving? *Page 10 
 {¶ 20} As explained above, case number 06CR1443 was later assigned to Judge Marshall. During the April 5, 2007 pretrial hearing on this case, the following exchange took place:
 THE COURT: Please be seated. The record will reflect we're on 06CR1443, captioned State of Ohio versus Lonny Bristow. Mr. Hale, I understand there's something you want to put on the record and we need to put a scheduling order together, I believe?
 MR. HALE: [PROSECUTING ATTORNEY]: Yes, Your Honor. The first inquiry I would like to make is whether Mr. Bristow's advisor, Mr. Nash has found the language that needs to be read into the record as far as Mr. Bristow acting as his own attorney in this case.
 THE COURT: Mr. Nash?
 MR. NASH: Just that my understand [sic] at this point, Mr. Bristow is still proceeding pro se.
 DEFENDANT: Yes.
 THE COURT: Okay. Do you have the Supreme Court case, the language you're supposed to give them?
 MR. HALE: I thought that's what Mr. Nash was looking for this morning. I do not have it right now. I mean it's not something that's necessary to get in to [sic] today as long as it's done before the jury trial.
 THE COURT: Okay. All right. So you're just still wanting to represent yourself in this matter; is that correct?
 DEFENDANT: Yes, Your Honor.
 {¶ 21} At the May 23, 2007 arraignment in case number 07CR516, which also served as a pretrial hearing in case number 06CR1443, Bristow requested a continuance of the arraignment in order to seek counsel, but the court denied the request and entered a not guilty plea on his behalf. At no point during this hearing did the court inquire into Bristow's decision to represent himself in case number 07CR516. *Page 11 
 {¶ 22} Then, at the June 18, 2007 arraignment before Judge Harcha in case number 07CR580, the following exchange took place:
 THE COURT: All right. You have prepared an affidavit. I think at the present time you're representing yourself upstairs?
 DEFENDANT: Right
 THE COURT: And rather than fool with the line of questions that I would have to give you on that, I am going to appoint Rick Nash to represent you. If you decide you want to represent yourself up [sic] and he stand as a stand-by that's fine, but I'm going to let Judge Marshall handle that.
 DEFENDANT: Your Honor, he's not even representing me upstairs.
 THE COURT: Who's doing it upstairs?
 DEFENDANT: Myself.
 THE COURT: Well, but I think there's a stand-by isn't there?
 DEFENDANT: He's stand-by, but he's not representing me.
 THE COURT: I know but what I am going to do is appoint him like probably he was down originally or wherever it was, then you can move him to stand-by later, but I'm just going to let Marshall do that rather than proceed today without you being represented I'm going to let Marshall go through questioning to make sure you understand those rights. I just don't want to take time at arraignment to do that. Do you have any questions? Be careful what you say.
 {¶ 23} At the next hearing, which was a motion hearing for all three cases held on September 5, 2007, Bristow entered pleas of guilty to the offenses at issue. During that hearing, while discussing a number of witness subpoenas, the following exchange took place:
 MR. BRISTOW: Your Honor, I think this may be better just to try to resolve the case now. You know what I mean?
 THE COURT: Excuse me?
 MR. BRISTOW: I think it might be better to just try and resolve the case now because it's too big for me. This is really a mess. *Page 12 
 THE COURT: How do you mean "resolve the case now"?
 MR. BRISTOW: On a plea. I'm trying to work out some type of plea right now.
 THE COURT: Quite honestly that would thrill me.
 MR. BRISTOW: They've done really good work. I got my butt kicked today. I think I do good in writing, but as far as open Court and talking I'm just not really that good.
 MR. BRISTOW: Mr. Longo, you're pretty good.
 MR. LONGO: Thanks. Make sure to tell all the other folks in corrections you said so.
 MR. BRISTOW: Yeah, you're pretty good.
 {¶ 24} Thus, our review of the record shows that the trial court was aware of its duties before allowing Bristow to proceed pro se. However, due to an oversight, at no point during the multitude of proceedings did the trial court engage in any meaningful dialogue with Bristow in an attempt to ensure that Bristow was knowingly, intelligently, and voluntarily electing to proceed pro se pursuant to Martin or Crim. R. 44. While the court recognized the need to do so and apparently planned to address the issue prior to trial or taking a plea, unfortunately it never occurred.
 {¶ 25} The State contends that the Martin mandates do not apply because the charges were resolved through a plea agreement and did not proceed to trial. We disagree. Martin applied Crim. R. 44(A), and under this rule Bristow was entitled to an attorney to represent him "at everystage of the proceedings from his initial appearance before a courtthrough appeal as of right" unless he, "after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." Crim. R. 44(A). (Emphasis added). And other courts have specifically applied Martin to cases resolved prior to trial through plea agreements. See State v. Dobbins, Miami *Page 13 
App. No. 2006-CA-18, 2006-Ohio-1665, at ¶¶ 47-52. Moreover, Crim. R. 17.1 states in part:
 The court shall not conduct pretrial conferences in any case in which a term of imprisonment is a possible penalty unless the defendant is represented by counsel or counsel has been waived pursuant to Crim. R. 44. In any case in which the defendant is not represented by counsel, any pretrial conference shall be conducted in open court and shall be recorded as provided in Crim. R. 22. (Emphasis added).
Thus, the trial court was not permitted to conduct any pretrial conferences in this case unless Bristow was represented by counsel or he waived counsel under Crim. R. 44.
 {¶ 26} Finally, Crim. R. 11, which governs the entering of pleas, states in part:
 Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
Crim. R. 11(C)(1). (Emphasis added).
 {¶ 27} In State v. Donkers, 170 Ohio App.3d 509, 2007-Ohio-1557,867 N.E.2d 903, the Eleventh District Court of Appeals noted:
 The purpose of these pretrial procedures [Crim. R. 17.1, 22 and 44] is to protect the defendant in the plea-bargaining process and to ensure the defendant is not presented with incorrect information concerning the charges by opposing counsel, who has no interest in protecting his rights. The unrepresented defendant alone with the prosecutor may be improperly prompted to make revealing and incriminating statements that the prosecutor could later use in examining witnesses at trial or in cross-examining the defendant.
Donkers at ¶ 180.
 {¶ 28} Given the nature of these procedural safeguards, we simply cannot agree with the State's unsupported assertion thatMartin's application of Crim. R. 44 only contemplates a situation where the case actually proceeds to trial. *Page 14 
 {¶ 29} In a related argument, the State contends that Martin does not apply to the unique facts of these cases because, given the confusing procedural history, it is difficult to ascertain what form of legal representation Bristow actually received. The State argues that at the time Bristow entered into the plea agreement, Bristow had, at a minimum, the actual assistance of legal counsel in case number 07CR580 and stand-by counsel in case number 06CR1443, and that the resolution of case number 07CR580 was "part and parcel" of the plea agreement, which was made and accepted with Attorney Nash having assumed the role as "legal advisor" on all three cases.
 {¶ 30} Our review of the record shows that Bristow elected to proceed pro se in case number 06CR1443 and that Attorney Nash was only appointed "to assist" Bristow as stand-by counsel in that case. Moreover, while Attorney Nash was later appointed to represent Bristow in case number 07CR580, no attorney was ever appointed to either represent or "to assist" Bristow in case number 07CR516, and thus Bristow elected to proceed pro se in this case as well. The record also shows that throughout the proceedings and through his actions of filing numerous motions, Bristow demonstrated an intent to represent himself and that he did in fact proceed pro se in both 06CR1443 and 07CR516. And contrary to the State's assertion, Bristow did file a motion to proceed pro se in case number 07CR580, and thus demonstrated his desire in that case as he had done in the others. Even at the September 5, 2007 motion hearing just prior to changing his pleas, Bristow represented himself.
 {¶ 31} While the procedural history of these cases is convoluted, the rule requires substantial compliance to ensure that Bristow's decision to represent himself was made with an awareness of the legal consequences. Therefore, we reject the *Page 15 
State's contention that the confusion surrounding Bristow's pro se status relieved the trial court of its duty to comply the mandates set forth in Martin and Crim. R. 44.
 {¶ 32} Next, the State argues that the trial court nonetheless substantially complied with the requirements set forth inMartin and Crim. R. 44 because during the change of plea hearing the trial court advised Bristow of all of the constitutional rights he was waiving, including his right to "trial by jury with representation bycounsel." The State also argues that Bristow signed a written waiver acknowledging that by pleading guilty he was waiving his right to a "trial by jury with representation by counsel" and that this rights waiver form serves as a written waiver as required by Crim. R. 44(C).
 {¶ 33} However, prior to the change of plea hearing, the trial court did not ensure that Bristow was voluntarily electing to proceed pro se and that he was knowingly, intelligently, and voluntarily waiving his right to counsel. We can find no meaningful dialogue with Bristow about the ramifications of waiving his right to counsel or the other issues addressed in Martin. At the change of plea hearing, the trial court advised Bristow concerning the offenses he was pleading guilty to and the agreed-upon penalty, but it never specifically reviewed with Bristow the nature of the charged offenses, the range of possible punishment for the charged crimes, possible defenses to the charge offenses, or the dangers of self-representation. Yet, these factors are important considerations for a defendant to consider when determining whether to proceed pro se and to enter a guilty plea pursuant to a plea agreement. Thus, we do not find that his rights waiver form served as a valid waiver of his right to counsel under Crim. R. 44.
 {¶ 34} Finally, Bristow may be quite familiar with the legal system and he may have had a general understanding of the charges and of possible defenses, as *Page 16 
evidenced by the numerous well-written and well-researched pro se motions he filed with the trial court prior to changing his plea. However, Bristow specifically stated during the change of plea hearing:
 I think it might be better to just try and resolve the case now because it's too big for me. This is really a mess. * * * They've done really good work. I got my butt kicked today. I think I do good in writing, but as far as open Court and talking I'm just not really that good.
 {¶ 35} At that point, the trial court conducted no follow-up questioning regarding Bristow's pro se status and his decision to go forward with a plea. In sum, we simply cannot say that under the totality of the circumstances Bristow knew what he was doing and that he made his choice with his eyes open. See Faretta. Therefore, we sustain appointed counsel's sole assignment of error and Bristow's first pro se assignment of error.
 IV. Sufficiency of the Indictment {¶ 36} In his second pro se assignment of error, Bristow contends that the trial court lacked jurisdiction to convict him on the harassment charge because the indictment failed to charge a material element of the crime. Specifically, he contends that his indictment was defective because it failed to allege that the detention facility in which he was confined was not a type of facility specifically excluded by R.C. 2921.38(E).
 {¶ 37} Although a guilty plea may act as a waiver of certain defects in the proceedings, including irregularities in the charging instrument, we have vacated Bristow's plea. Thus, we do not determine whether the indictment is deficient or whether, by virtue of pleading guilty, he has waived his right to challenge alleged defects in it. Rather, upon remand Bristow will make a new plea and may pursue any *Page 17 
challenges he deems proper to the indictment at that time. Accordingly, we reject Bristow's second pro se assignment of error as not being ripe for review.
 V. Assignment of Cases under Sup. R. 36 {¶ 38} In his third pro se assignment of error, Bristow contends that the trial court lacked jurisdiction to proceed with arraignment on the harassment charge because the case had not been properly transferred from Judge Harcha to Judge Marshall under Sup. R. 36.
 {¶ 39} In State v. Tyler (1990), 67 Ohio App.3d 455, 587 N.E.2d 367, we stated the following:
 Section 5(A), Article IV, Ohio Constitution authorizes the Ohio Supreme Court to establish Rules of Superintendence.
 " * * * These Rules of Superintendence are designed (1) to expedite the disposition of both criminal and civil cases in the trial courts of this state, while at the same time safeguarding the inalienable rights of litigants to the just processing of their causes; and (2) to serve that public interest which mandates the prompt disposition of all cases before the courts.
 "* * * The Rules of Superintendence are not designed to alter basic substantive rights of criminal defendants." State v. Singer (1977), 50 Ohio St.2d 103, 109-110, 362 N.E.2d 1216, 1220-1221.
 * * *
 In State v. Porter (1976), 49 Ohio App.2d 227, 230, 360 N.E.2d 759, 761, the court stated: "This court has consistently held that the Superintendence Rules are guidelines for judges only and cannot be used by criminal defendants as a ground for discharge."
 The court in State v. Gettys (1976), 49 Ohio App.2d 241, 243, 3 O.O.3d 286, 287, 360 N.E.2d 735, 737, found the Rules of Superintendence to be:
 " * * * [P]urely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants. * * * " *Page 18 
Id. at 456-457; see, also, State v. Perry, Ross App No. 05CA2839,2006-Ohio-220, ¶ 26 (noting that "the Rules of Superintendence are internal housekeeping rules and do not give any rights to individual defendants.").
 {¶ 40} Here, it is undeniable that the court had subject matter jurisdiction over these criminal proceedings. Even if we assume without deciding that the case was not properly assigned under Sup. R. 36, Bristow's argument lacks merit. Accordingly, we overrule his third pro se assignment of error.
 VI. Guilty Plea and Notification of Post Release Control {¶ 41} In his fourth pro se assignment of error, Bristow contends that the trial court erred in accepting his guilty plea on the retaliation charge. He argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to advise him that he would be subject to a mandatory period of post release control. He asserts that he never would have pled guilty to an offense carrying a mandatory post release control term. Because we have already concluded that his guilty pleas must be vacated due to a violation of his right to counsel, we find this assignment of error is rendered moot.
 VII. Conclusion {¶ 42} Accordingly, we reverse the trial court's judgment, vacate appellant's guilty pleas, and remand the matter to the trial court for further proceedings consistent with this opinion.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 19 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, J.: Concurs in Judgment and Opinion.
Kline, P.J.: Concurs in Judgment and Opinion as to Assignments of Error I, III, IV; Concurs in Judgment Only as to Assignment of Error II.
[1] After Bristow's appointed counsel filed his brief, Bristow filed a motion to supplement the brief with the pro se brief he had previously filed with this court, and we granted his request. In this initial brief, Bristow presents three assignments of error. Later, we granted Bristow's pro se motion to supplement the brief filed by his appointed counsel with another assignment of error, which he refers to as "assignment of error number 5." We will treat this assignment of error as the fourth pro se assignment of error. *Page 1