[Cite as *State v. Brown*, 2023-Ohio-2537.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO, : CASE NO. 23CA1161

    Plaintiff-Appellee, :

    v. : <u>DECISION AND</u>
<u>JUDGMENT ENTRY</u>

SIMON BROWN, :

    Defendant-Appellant. : **RELEASED 7/19/2023**
_____
APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Austin Ervin, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee.
_____
HESS, J.

{¶1} Simon Brown appeals his conviction for domestic violence. For his sole assignment of error, Brown contends that the trial court erred by accepting his guilty plea when it was not made knowingly, voluntarily, and intelligently. He argues that the trial court failed to inform him that a plea of guilty to domestic violence could be used later to enhance the penalty in a future conviction of domestic violence. However, a trial court has no duty to inform a defendant pleading guilty of the possible enhancement of sentences resulting from future crimes. We overrule Brown's assignment of error and sustain the trial court's judgment.

I. PROCEDURAL HISTORY

{¶2} In October 2022, an Adams County Grand Jury returned an indictment that charged Brown with one count of felonious assault in violation of R.C. 2903.11(A)(1), a

second-degree felony, and one count of domestic violence in violation of R.C. 2919.25(A), charged as a fourth-degree felony because of a prior misdemeanor conviction. Brown pleaded guilty to domestic violence and the state dismissed the felonious assault count. The trial court sentenced Brown to three years of community control and 160 hours of community service, ordered him to attend weekly substance abuse prevention meetings, and prohibited him from consuming alcohol, being around others consuming alcohol, or frequenting businesses whose primary source of income is the sale of alcohol. Brown appealed.

## II. ASSIGNMENT OF ERROR

**{¶3}** Brown assigns this error for review:

> I. The trial court erred to the prejudice of Mr. Brown by accepting a plea of guilty that was not made knowingly, voluntarily, and intelligently.

## III. LEGAL ANALYSIS

**{¶4}** "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." *State v. Shifflet*, 2015-Ohio-4250, 44 N.E.3d 966, ¶ 13 (4th Dist.). When reviewing a defendant's constitutional rights (right to a jury trial, right to call witnesses, etc.), a trial court must strictly comply with Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. However, "strict compliance does not mean literal compliance." *State v. Adams*, 4th Dist. Washington No. 15CA44, 2016-Ohio-2757, ¶ 11. A court does not need to engage in "a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Id.* at ¶ 12, citing *State v. Veney* at ¶ 27. However, "when reviewing a defendant's non-constitutional rights (maximum penalty involved, understanding effect of

plea, etc.), a trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b)." *State v. Tolle*, 2022-Ohio-2839, 194 N.E.3d 410, ¶ 11 (4th Dist.). Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of the plea and the rights being waived. *Id.* "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." (Citations omitted.) *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476 (1990).

{¶5} Brown argues that he did not enter his plea knowingly, voluntarily, and intelligently because the trial court did not inform him that his conviction for domestic violence could be used to enhance the penalty for future convictions of domestic violence. Domestic violence under R.C. 2919.25(A) is a first-degree misdemeanor, but a prior conviction enhances that to a fourth-degree felony under R.C. 2919.25(D)(4). Thus, he contends that the trial court failed to substantially comply with Crim.R. 11.

{¶6} Brown concedes that our court and other Ohio appellate courts have held that a trial court is not required to advise a defendant of the potential for future enhanced penalties. However, he urges us to reconsider our precedent and find that trial courts do have a duty to advise of the potential future enhancements. Brown does not give a rationale for why we should revisit our precedent other than urging that it should be done "without question" because eventually, with enough domestic violence convictions, a mandatory prison term will be the penalty.

{¶7} We see no reason to depart from our well-established precedent or the rationale that supports it:

> There appears to be no duty in Ohio to inform a defendant pleading guilty of
> the possible enhancement of sentences resulting from future crimes, nor can

this court see why there should be such a duty. A trial court judge should not be required to anticipate recidivist behavior by a defendant who enters a guilty plea in that court. To be sure, a defendant is entitled to be advised of the effect of his guilty plea so that it can be shown that the plea was knowingly and voluntarily made. But it begs the question to argue that a defendant who pleads guilty would not be aware that if he gets convicted of the same offense again it is going to go harder on him the second time around.

*State v. Southers*, 4th Dist. Pickaway No. 88CA10, 1988 WL 125024, *2 (Nov. 23, 1988).

The Ninth District Court of Appeals addressed this same issue nearly 50 years ago and we continue to find its rationale persuasive:

The only possible way that a defendant can be subject to additional criminal liability under a repeat offender statute is to be convicted of committing a subsequent crime. At the time of his conviction for the first offense, a defendant is not subject to this criminal liability. Therefore, information about the 'maximum penalty' or the 'effect of his guilty plea' need not include advice that a subsequent conviction for similar offenses will subject a defendant to additional criminal liability.

*State v. Porter,* 49 Ohio App.2d 227, 229, 360 N.E.2d 759, 761 (9th Dist.1976); *State v. Firestone,* 4th Dist. Vinton No. 00CA542, 2001-Ohio-2506, *5 (quoting *Porter, supra*). A number of other Ohio appellate districts have adopted this rationale. *See Cleveland v. Martin*, 8th Dist. Cuyahoga No. 111495, 2023-Ohio-448, ¶ 5-6 (quoting *Southers, supra*); *State v. Rice*, 5th Dist. Delaware No. 20CAA010002, 2021-Ohio-988, ¶ 47 (quoting *Southers, supra*); *State v. Lewis,* 11th Dist. Lake No. 2009-L-138, 2010-Ohio-4288, ¶ 42-44 (quoting *Porter* and *Southers, supra*); *In re Spann,* 10th Dist. Franklin No. 98AP-839, 1999 WL 355886, *6 (June 3, 1999) (same holding in juvenile context, quoting *Porter, supra*).

{¶8}   The trial court had no duty to advise Brown that he was pleading guilty to an offense that could be used to enhance his penalty for a future offense. Thus we find that the trial court substantially complied with the provisions in Crim.R. 11. Moreover, even if we were to revisit our long-standing and widely-accepted precedent, Brown has failed to allege or

show any prejudicial effect. Thus, his argument fails for this reason as well.

IV. CONCLUSION

**{¶9}**    We overrule Brown's assignment of error and affirm the trial court judgment.

**JUDGMENT AFFIRMED.**

.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed. Appellant to pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY:_____
     Michael D. Hess, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**