[Cite as *State v. Taylor*, 2011-Ohio-1391.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

State of Ohio,                                   :                  Case No. 10CA7

    Plaintiff-Appellee,              :

    v.                                      :                  DECISION AND
                                                                           JUDGMENT ENTRY
Timothy J. Taylor,                          :

    Defendant-Appellant.         :                  **RELEASED 03/21/11**
_____
APPEARANCES:

Timothy J. Taylor, Ross Correctional Institution, Chillicothe, Ohio, pro se appellant.

James B. Grandey, Highland County Prosecutor, and Anneka P. Collins, Highland
County Assistant Prosecutor, for appellee.
_____
Harsha, P.J.

    **{¶1}**   Timothy J. Taylor appeals from the prison sentence imposed by the

Highland County Common Pleas Court.  The court held a resentencing hearing after it

became apparent that it failed to advise Taylor of mandatory postrelease control

sanctions in his original 1997 sentence.  After properly advising Taylor of postrelease

control sanctions, the court imposed the same sixteen-year sentence it had in 1997.

    **{¶2}**   In this appeal, Taylor attacks various aspects of the length of his

sentence, including the court's ability to impose consecutive and non-minimum

sentences.  We reject these arguments in light of the Supreme Court of Ohio's recent

ruling in *State v. Fischer*, --- Ohio St.3d ---, 2010-Ohio-6238, --- N.E.2d ---.  Under

*Fischer*, the trial court was limited to adding the proper postrelease control sanction and

notice to Taylor's original sentence, which it did.  All the other aspects of Taylor's

original sentence were valid, remained in effect, and could not be revisited by the trial

court. Thus, res judicata precludes Taylor from raising purported errors in the valid portion of his original sentence.

{¶3} Taylor also argues that he suffered an unreasonable nine-month delay in sentencing, which divested the trial court of jurisdiction to resentence him. The court promptly resentenced Taylor after he notified the court about the omission of a postrelease control notification in his original sentence. The delay in Taylor's resentencing is the result of our determination that the trial court mistakenly issued a judgment entry that lacked the necessary elements to constitute a final appealable order. After we dismissed that appeal, the court promptly issued a revised judgment entry. Thus, the nine-month period of delay in obtaining a valid final sentence was reasonable.

{¶4} Consequently, we reject Taylor's assignments of error and affirm the judgment of the trial court.

I. Summary of the Facts

{¶5} The state indicted Taylor in 1996 on charges of murder, abuse of a corpse, tampering with evidence, and theft. Under a plea agreement, Taylor pleaded guilty in 1997 to involuntary manslaughter, gross abuse of a corpse, tampering with evidence, and theft. His agreed sentence included prison terms of ten years for involuntary manslaughter, one year for gross abuse of a corpse, four years for tampering with evidence, and one year for theft. The court ordered his sentences to run consecutively, for an aggregate prison term of sixteen years.

{¶6} In April of 2009, Taylor filed a motion to have his sentence vacated on the basis that the court failed to advise him of mandatory postrelease control sanctions.

Accordingly, the court held a resentencing hearing in July 2009.  At the hearing, the court notified Taylor about mandatory postrelease control sanctions and imposed the same prison term it had in 1997.

**{¶7}**    After Taylor appealed that sentence, we determined that we lacked subject-matter jurisdiction because the resentencing entry did not contain the guilty plea, the jury verdict, or the finding of the court upon which the convictions were based, i.e., it was not a final appealable order.  Accordingly, we dismissed the appeal.  See *State v. Taylor*, Highland App. No. 09CA23, 2010-Ohio-1606.

**{¶8}**    The court then issued a revised judgment entry explaining that Taylor had been found guilty by "plea agreement."  Taylor then filed this appeal.

## II. Assignments of Error

**{¶9}**    Taylor sets forth three assignments of error which we have taken verbatim from his brief:

### ASSIGNMENT OF ERROR I

"The Trial Court erred by not making the findins pursuant to R.C. 2929.14(B)(2), R.C. 2929.14(E)(4), as well as R.C. 2929.19(B)(2), When imposing more than minimum, and consecutive sentences on the Appellant.  Violating the Appellant's rights under Ohio.Const.Art.I.Sections 5, 10,and 16, to Trial by Jury, Equal Protection of Law, and Due Process of Law.  In addition, this also violated the 5th, 6th, and 14th Amendments of the United States Constitution to Due Process of Law, Trial by Jury, and Equal Protection of Law."

### ASSIGNMENT OF ERROR II

"The Trial Court erred by enhancing the Appellant's sentence beyond the 'Statutory Maximum' as defined by the United States Supreme Court in BLAKELY v. WASHINGTON. Violating Appelant's rights under Ohio.Const.Art.I.Sections 5, 10, and 16 to Equal Protection of Law, Trial by Jury, and Due Process of Law. In addition this also violated the 5th, 6th, and 14th Amendments of the United States Constitution to Due Process of Law, Trial by Jury, and Equal Protection of Law."

### ASSIGNMENT OF ERROR III

"The Trial Court erred by not imposing the Appellant's sentence within the statutory mandates of Crim.R.32(A), or SupR.39(B)(4). Creating a unnecessary delay, thereby divesting itself of the requisite jurisdiction to impose any sentence in relation to this matter. Violating the Appellant's rights under Ohio.Const.Art.I.Sections 10, and 16 to Equal Protection of Law, Due Process of Law, and Justice Administered without Denial or Delay. In addition to violating the 5th, 6th, and 14th Amendments of the United States Constitution, to Due Process of Law, Speedy Trial Guarantee, and Equal Protection of Law."

### III. Taylor's Resentencing was Limited to the Addition of Postrelease Control[1]

{¶10}  In his first two assignments of error, Taylor presents various arguments challenging the length and nature of his sentence. However, this appeal is limited to what occurred at the resentencing. Under the present state of felony sentencing law in

---

[1] The state argues that we lack jurisdiction to review Taylor's sentence because it was originally entered pursuant to a plea agreement. The state cites R.C. 2953.08(D)(1), which prohibits appellate review of agreed sentences authorized by law. We do not address this argument in light of *Fischer*, supra, and the analysis that follows.

Ohio, the court was limited to adding the proper postrelease control terms to Taylor's original sentence. It did that. Therefore, the only aspect of Taylor's new sentence that he can challenge in this direct appeal is the addition of postrelease control.

**{¶11}** Had we decided this appeal a few months earlier, we would have held that Taylor's first sentence was void under *State v. Beasley* (1984), 14 Ohio St.3d 74, 471 N.E.2d 774 (per curiam). See, also, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. Under *Beasley* and *Singleton*, if a sentence imposed prior to July 11, 2006 lacked the required postrelease control notification, it was void. See *Singleton* at paragraph one of the syllabus. In *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, the Court held that "the effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." Id. at ¶12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267, 227 N.E.2d 223 (per curiam).

**{¶12}** However, the Supreme Court of Ohio recently reassessed its previous line of cases involving postrelease control sentencing errors. Most notably, the Court overruled its holding in *Bezak* concerning void judgments and the failure of a court to notify the offender of postrelease control sanctions. In *Fischer*, the court held that a sentence that failed to include statutorily required postrelease control provisions is only partially void, i.e., the only "void" portion of the sentence is the failure to impose the proper sanction and notice. Therefore, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence * * * is void and must be set aside." Id. at ¶26. (Emphasis sic.) And "the new

sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control." Id. at ¶29.

{¶13} In so holding, the Court has adhered to the line of reasoning in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at paragraph three of the syllabus, where it held that a sentencing hearing on remand is limited to the issue found to be error on appeal. *Fischer* at ¶16. And the Court specifically rejected the line of reasoning that led it to the conclusion in *Bezak* that an offender who fails to receive notice of postrelease control is entitled to a de novo sentencing hearing. Id. at ¶28.

{¶14} In light of *Fischer*, it is now clear that the trial court was limited at Taylor's resentencing to the addition of statutorily required notice of postrelease control sanctions.[2] Taylor cannot appeal an aspect of his sentence that the court did not, and in fact could not, revisit at resentencing.

{¶15} Consequently, we overrule Taylor's first and second assignments of error, which contest the length and terms of the sentence he received in 1997 because they are res judicata. See *Fischer* at ¶40.

## IV. Delay in Sentencing

{¶16} In his third assignment of error, Taylor complains that the trial court lacked jurisdiction to resentence him because of an unreasonable delay in sentencing. Taylor contends that he appeared before the trial court for resentencing on July 14, 2009, "[h]owever, his sentence was unreasonably delayed until April 22, 2010, more than nine months later." Taylor claims that the reason for the delay was that "the trial court failed

---

[2] We apply *Fischer* retroactively because of the general rule that states that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation. See *State v. Vance*, Meigs App. No. 10CA4, 2010-Ohio-780, at ¶¶10-11, citing *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 129 N.E.2d 467 (per curiam).

to incorperate [sic] the guilty plea, the jury verdict, or the finding of the court upon which the convictions were based into the 'Judgment Entry of Confinement.'" Taylor contends that this delay violated Crim.R. 32(A) and Sup.R. 39(B)(4). The state responds that it became aware of our decision concerning Taylor's first resentencing entry on April 8, 2010, and that it prepared a new sentencing entry which was executed by the trial court on April 22, 2010.

{¶17} For purposes of this appeal, we will assume without deciding that the mandate of Crim.R. 32(A) is jurisdictional in nature. However, it is clear that Sup.R. 39(B)(4) has no such effect. See *State v. Tyler* (1990), 67 Ohio App.3d 455, 587 N.E.2d 367.

{¶18} Crim.R. 32(A) provides: "[s]entence shall be imposed without unnecessary delay." In the present case, the court conducted a resentencing hearing on July 14, 2009. The same day, the court issued a judgment entry of confinement. Taylor filed a notice of appeal on August 12, 2009. We reviewed Taylor's sentencing entry and subsequently ordered the parties to submit supplemental briefs addressing our jurisdiction over the appeal. After the parties filed briefs, we issued our decision April 7, 2010, holding that the trial court's entry did not constitute a final, appealable order. Accordingly, we dismissed the appeal for lack of jurisdiction. Subsequently, on April 22, 2010, the trial court issued a revised entry which satisfied the requirements for a final appealable order. From this timeline, at best we can discern a fifteen-day "delay" from April 7, 2010 through April 22, 2010. Such a delay is not unreasonable. Nor do we believe the nine-month "delay" between his resentencing in July 2009 and the entry of a final appealable order in April 2000 was unreasonable given the circuitous appellate

path the case followed.  Given the total lack of any evidence of purposeful or grossly negligent delay on the part of the state or the trial court, the period required to resentence Taylor was well within reasonable timelines.

{¶19}  Nonetheless, Taylor cites *Willoughby v. Lukehart* (1987), 39 Ohio App.3d 74, 529 N.E.2d 206 and *State v. Tucker* (May 2, 1989), Franklin App. No. 88AP-550, 1989 WL 47102.  In *Willoughby*, the court found the defendant guilty of disorderly conduct after a jury trial. Thereafter, the judge referred the case to the probation department for the preparation of a presentence report.  Nine months later the city law director realized that the court had not sentenced the defendant and subsequently informed the court.  Four months later the trial court sentenced the defendant.  The court concluded that the "unjustified and lengthy" delay deprived the trial court of jurisdiction to impose a sentence.  Similarly, in *Tucker*, the court held that there was no apparent justification for a six-month delay from the date of conviction to the date of sentencing.

{¶20}  Without conceding that Crim.R. 32 is jurisdictional, we believe these cases are clearly distinguishable.  In both, the courts found the defendants guilty but did not sentence them.  Here, the court found Taylor guilty in 1997 and sentenced him promptly.  He then filed a motion for a new sentence after he realized the court failed to notify him of postrelease control sanctions.  The court held a hearing within three months of his petition to vacate his earlier sentence.  On the same day of the hearing, the court issued a new sentencing entry.  After our decision in Taylor's first appeal, the court issued a revised judgment entry within fifteen days.  There was no unreasonable delay in sentencing.  Any delay was attributable to the appellate process and a clerical,

albeit significant, error concerning the finality of the court's judgment entry of confinement.  Although issues with the sentencing entry delayed his appeal, there was no unnecessary delay in violation of Crim.R. 32(A).  Accordingly, we hold that this assignment of error is meritless.

V.  Conclusion

**{¶21}**  We affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Concurs in Judgment Only.

For the Court

BY: _____
William H. Harsha, Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**